# Exhibit 1

NATHAN M. MURAWSKY, ESQUIRE
IDENTIFICATION NO. 76661
GABRIELA A. AMADO, ESQUIRE
IDENTIFICATION NO. 335848
**HAMBURG, RUBIN, MULLIN, MAXWELL & LUPIN**
1684 S. BROAD STREET – SUITE 230
P.O. BOX 1479
LANSDALE, PA  19446-0773
(215) 661-0400
nmurawsky@hrmml.com
gamado@hrmml.com



ATTORNEY FOR PLAINTIFF

IN THE COURT OF COMMON PLEAS OF
PHILADELPHIA COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

JULIE SPAHN                                        :
122 Sunnyside Lane                                 :
Perkasie, PA 18944                                 :    NO.
                        Plaintiff                  :
                                                   :
                                                   :
            vs.                                    :
                                                   :    JURY TRIAL DEMANDED
BRITISH AIRWAYS PLC, INC.                          :
 c/o CT Corporation System                         :    ASSESSMENT OF DAMAGES
600 N. 2nd Street – Suite 401                      :    HEARING IS REQUIRED
Harrisburg, PA 17101-1071                          :
            and                                    :
BRITISH AIRWAYS PLE, CORPORATION                   :
British Airways Philadelphia Int'l. Airport        :
8500 Essington Avenue                              :
Terminal A                                         :
Philadelphia, PA 19153                             :
            and                                    :
PHILADELPHIA TERMINAL & EQUIPMENT                  :
COMPANY                                            :
c/o Incorp Services, Inc.                          :
7208 Red Top Road                                  :
Hummelstown, PA 17036                              :
                        Defendants                 :

**COMPLAINT NOTICE**

Case ID: 251000887

## NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defense or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR   TELEPHONE THE OFFICE SET FORTH BELOW.  HIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333

## AVISO – CIVIL ACTION

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación.  Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO.  VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASCOCIACIÓN DE LICENCIADOS DE FILADELFIA

Servicio De Referencia E Información Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333

NATHAN M. MURAWSKY, ESQUIRE
IDENTIFICATION NO. 76661
GABRIELA A. AMADO, ESQUIRE
IDENTIFICATION NO. 335848
**HAMBURG, RUBIN, MULLIN, MAXWELL & LUPIN**
1684 S. BROAD STREET – SUITE 230
P.O. BOX 1479
LANSDALE, PA  19446-0773
(215) 661-0400
nmurawsky@hrmml.com
gamado@hrmml.com

33752-0000

ATTORNEY FOR PLAINTIFF

## IN THE COURT OF COMMON PLEAS OF
## PHILADELPHIA COUNTY, PENNSYLVANIA
## CIVIL ACTION - LAW

| | |
|---|---|
| JULIE SPAHN<br>122 Sunnyside Lane<br>Perkasie, PA 18944<br><br>        Plaintiff<br><br>    vs.<br><br>BRITISH AIRWAYS PLC, INC.<br>c/o CT Corporation System<br>N. 2nd Street – Suite 401<br>Harrisburg, PA 17101-1071<br>      and<br>BRITISH AIRWAYS PLE, CORPORATION<br>British Airways Philadelphia Int'l. Airport<br>8500 Essington Avenue<br>Terminal A<br>Philadelphia, PA 19153<br>      and<br>PHILADELPHIA TERMINAL & EQUIPMENT<br>COMPANY<br>c/o Incorp Services, Inc.<br>7208 Red Top Road<br>Hummelstown, PA 17036<br>        Defendants | NO.<br><br><br>JURY TRIAL DEMANDED<br><br>ASSESSMENT OF DAMAGE600<br>HEARING IS REQUIRED |

## COMPLAINT

1

Plaintiff, Julie Spahn, by and through her attorneys, Hamburg, Rubin, Mullin, Maxwell & Lupin, P.C., hereby files this Complaint and in support thereof aver the following:

### Parties

1.      Plaintiff, Julie Spahn is an adult individual and resides at 122 Sunnyside Lane, Perkasie, PA 18944.

2.      Defendant, British Airways PLC, INC. is a foreign business corporation and regularly conducts business in the Commonwealth of Pennsylvania with a registered office c/o CT Corporation System, 600 N. 2nd Street – Suite 401, Harrisburg, PA 17101-1071.

3.      Defendant, British Airways PLE, Corporation is a foreign business corporation and regularly conducts business in the Commonwealth of Pennsylvania with a registered office c/o British Airways Philadelphia Int'l. Airport, Terminal A, 8500 Essington Avenue, Philadelphia, PA 19153.

4.      Defendant, Philadelphia Terminal & Equipment Company is a domestic limited liability company and regularly conducts business in the Commonwealth of Pennsylvania with a registered office c/o Incorp. Services, Inc. 7208 Red Top Road, Hummelstown, PA 17036

5.      At all times relevant hereto, Defendants, British Airways PLC, Inc. and/or British Airways PLE, Corporation, possessed, maintained, occupied, operated and/or managed the relevant jet way and/or boarding bridge in Terminal A, Gate A15, at Philadelphia International Airport, (hereinafter "Premises"), said Premises being owned by the City of Philadelphia but contracted out to Defendants, British Airways PLC, Inc. and/or British Airways PLE, Corporation for use, maintenance and repair of areas including those involved in Plaintiff's claims.

6.      At all times relevant hereto, Defendant, Philadelphia Terminal & Equipment Company,  was under contact with the City of Philadelphia under a Maintenance and Operating License Agreement to perform certain maintenance and repairs to City owned equipment, including

boarding bridges and/or jetways, including Terminal A, Gate A15, at Philadelphia International Airport, including but not limited to those areas which Defendants, British Airways PLC, Inc. and/or British Airways PLE, Corporation, possessed, maintained, occupied, operated and/or managed.

7.    At all times relevant herein, Defendants acted by and through their agents, servants, workmen and/or employees acting within the course and scope of their employment with Defendant.

8.    At all times relevant hereto Defendants, British Airways PLC, Inc., and/or British Airways PLE, Corporation, and/or Defendant, Philadelphia Terminal & Equipment Company, were under contract with the City of Philadelphia, the Premises owner, and maintained, controlled, occupied, cleaned or repaired the relevant boarding bridges and/or jetways, including Terminal A, Gate A15 and to ensure the aforementioned areas or the premises were in a hazard-free and in safe condition.

## Jurisdiction and Venue

9.    This Court has jurisdiction over the Defendants inasmuch as the Defendants conduct business within this Commonwealth and because the events giving rise to the above captioned action occurred herein.

10.    Venue for this action is properly laid in Philadelphia County because the events giving rise to Plaintiff's claims occurred therein.

## Underlying Facts

11.    On or about November 18, 2023, at approximately 4:45 P.M., Plaintiff, Julie Spahn was exiting a British Airways plane and walking through the boarding bridge and/or jetway in Terminal A, Gate A15, at Philadelphia International Airport in Philadelphia, Pennsylvania.

Case ID: 251000887

12.    At said date and time, a defect of the walking surface and/or uneven ramp connection between the cabin and tunnel portions of the jetway caused Plaintiff to trip and fall, resulting in serious injuries as set forth more fully herein.

13.    At the time of the accident, the maintenance, control and supervision of the dangerous conditions of the Premises was the responsibility of Defendants.

14.    At all times relevant herein, Defendants acted by and through its employees, agents, servants, or other contractors or municipal entities and knew or should have known of the dangerous condition of the aforementioned jet way area and its dangerous condition and yet failed to take corrective action as set forth more fully herein.

15.    The aforesaid accident caused the Plaintiff to suffer severe and permanent injuries and losses which are more fully set forth hereinafter.

16.    At no time relevant hereto were the occurrences described herein caused by any fault, negligence, act or omission on the part of the Plaintiff.

## COUNT I: NEGLIGENCE
### Julie Spahn v. British Airways PLC, Inc. and British Airways PLE, Corporation

17.    Plaintiff incorporates by reference the preceding averments as if the same were set forth herein at length.

18.    At all times relevant herein, Defendants, British Airways PLC, Inc. and British Airways PLE, Corporation were responsible for the maintenance, care, cleaning, supervision, repair and or safe operation and/or oversight of the boarding bridge or jetway in Terminal A, Gate A15, at Philadelphia International Airport, including but not limited to:

      a.  Inspections of the Premises, cleaning, repairs of the jet way and/or boarding bridge(s), control and management of any work performed by agents, servants, workmen or employees of Defendants;

4

b.  Inspections of the Premises, repairs of the Premises, control and management of any work performed by any outside contractors performing work on the aforesaid Premises of the Philadelphia International Airport at the request of Defendant or any other entity;

c.  Inspections of the Premises, repairs of the Premises, control and management of any work performed by any outside contractors performing work in the area of the aforesaid Premises within Terminal A, Gate A15, of the Philadelphia International Airport or in such proximity as to effect, damage or otherwise alter the condition of the Premises;

19.  The negligence, carelessness and recklessness of Defendants consisted of the following:

a.  failing to properly inspect the Premises of the airport for hidden defects in the walking surface, jetway and/or boarding bridge(s);

b.  failing to properly inspect the Premises of the airport for dangerous conditions, specifically the uneven ramp connection/connection of the cabin to the tunnel portion of the jetway;

c.  failing to make regular and proper inspections of the Premises, specifically including uneven ramp connection/connection of the cabin to the tunnel portion of the boarding bridge/jetway;

d.  failing to undertake property repair and maintenance of the Premises, specifically including the uneven ramp connection/connection of the cabin to the tunnel portion of the boarding bridge/jetway;

e. failing to hire and/or retain proper employees, agents, servants, workmen or contractors for the inspection, maintenance and repair of the Premises, specifically including the uneven ramp connection/connection of the cabin to the tunnel portion of the boarding bridge/jetway;

f. failing to properly and adequately repair any and all hidden defects such as irregularities in the walking surface of the Premises;

g. failure to have appropriate procedures and policies in place requiring prompt and regular inspection and repair of the Premises, specifically in or near the uneven ramp connection/connection of the cabin to the tunnel portion of the boarding bridge/jetway;

h. failure to adequately maintain, inspect and correct the said dangerous conditions caused by natural or man-made conditions that created the defect in walking surface of the Premises in or near where the cabin and tunnel portions of the boarding bridge/jetway meet;

i. failure to utilize proper and adequate procedures for inspection of the said Premises;

j. failure to warn the Plaintiff and others of the dangerous and hazardous condition which caused the Plaintiff's accident;

k. failure to adequately and properly supervise Defendant's agents, servants, contractors and/or employees with regard to the proper maintenance, repair and/or supervision of the Premises; and

l. failure to post signs, markers, barricades and/or any other physical warnings or indicators of the dangerous and defective conditions which caused Plaintiff's

6

accident, or to take any measures whatsoever to prevent persons walking upon/through the Premises such as Plaintiff, from encountering said defects.

20.    The said negligence, carelessness and recklessness of the Defendant herein was a direct, proximate and substantial cause of Plaintiff's injuries and damages as set forth hereunder and incorporated herein.

WHEREFORE, Plaintiff demands judgment against Defendants, British Airways PLC, Inc., and/or British Airways PLE, Corporation, for an amount in excess of Fifty Thousand Dollars ($50,000) together with interests, costs of suit and delay damages.

## COUNT II: NEGLIGENCE
### Julie Spahn v. Philadelphia Terminal & Equipment Company

21.    Plaintiff incorporates by reference the preceding averments as if the same were set forth herein at length.

22.    At all times relevant herein, Defendant, Philadelphia Terminal & Equipment Company, was responsible for performing certain maintenance and repairs to City of Philadelphia owned equipment, including boarding bridges or jetways including the one at Terminal A, Gate A15, at Philadelphia International Airport, including but not limited to:

    a. Inspections of the Premises, maintenance and repairs of the jet way and/or boarding bridge(s), control and management of any work performed by agents, servants, workmen or employees of Defendant;

    b. Inspections of the Premises, repairs of the Premises, control and management of any work performed by any outside contractors performing work on the aforesaid Premises of the Philadelphia International Airport at the request of Defendant or any other entity;

7

c. Inspections of the Premises, repairs of the Premises, control and management of any work performed by any outside contractors performing work in the area of the aforesaid Premises within Terminal A, Gate A15, of the Philadelphia International Airport or in such proximity as to effect, damage or otherwise alter the condition of the Premises;

23. The negligence, carelessness and recklessness of Defendant consisted of the following:

a. failing to properly inspect the Premises of the airport for hidden defects in the walking surface, jetway and/or boarding bridge(s);

b. failing to properly inspect the Premises of the airport for dangerous conditions, specifically the uneven ramp connection/connection of the cabin to the tunnel portion of the jetway;

c. failing to make regular and proper inspections of the Premises, specifically including uneven ramp connection/connection of the cabin to the tunnel portion of the boarding bridge/jetway;

d. failing to undertake property repair and maintenance of the Premises, specifically including the uneven ramp connection/connection of the cabin to the tunnel portion of the boarding bridge/jetway;

e. failing to hire and/or retain proper employees, agents, servants, workmen or contractors for the inspection, maintenance and repair of the Premises, specifically including the uneven ramp connection/connection of the cabin to the tunnel portion of the boarding bridge/jetway;

f. failing to properly and adequately repair any and all hidden defects such as irregularities in the walking surface of the Premises;

8

g.  failure to have appropriate procedures and policies in place requiring prompt and regular inspection and repair of the Premises, specifically in or near the uneven ramp connection/connection of the cabin to the tunnel portion of the boarding bridge/jetway;

h.  failure to adequately maintain, inspect and correct the said dangerous conditions caused by natural or man-made conditions that created the defect in walking surface of the Premises in or near where the cabin and tunnel portions of the boarding bridge/jetway meet;

i.  failure to utilize proper and adequate procedures for inspection of the said Premises;

j.  failure to warn the Plaintiff and others of the dangerous and hazardous condition which caused the Plaintiff's accident;

k.  failure to adequately and properly supervise Defendant's agents, servants, contractors and/or employees with regard to the proper maintenance, repair and/or supervision of the Premises; and

l.  failure to post signs, markers, barricades and/or any other physical warnings or indicators of the dangerous and defective conditions which caused Plaintiff's accident, or to take any measures whatsoever to prevent persons walking upon/through the Premises such as Plaintiff, from encountering said defects.

24.  The said negligence, carelessness and recklessness of the Defendant herein was a direct, proximate and substantial cause of Plaintiff's injuries and damages as set forth hereunder and incorporated herein.

Case ID: 251000887

WHEREFORE, Plaintiff demands judgment against Defendants, Philadelphia Terminal & Equipment Company, for an amount in excess of Fifty Thousand Dollars ($50,000) together with interests, costs of suit and delay damages.

## COUNT III: DAMAGES
### Julie Spahn v. British Airways PLC, Inc., and/or British Airways PLE, Corporation and Philadelphia Terminal & Equipment Company

25.    Plaintiff incorporates by reference the preceding averments as if the same were set forth herein at length.

26.    As a direct and proximate result of the negligence, carelessness and recklessness of the Defendants, Plaintiff, Julie Spahn, sustained serious and severe injuries to her body including, but not limited to, right wrist fracture (requiring surgical intervention, including open reduction internal fixation and DeQuervain's release), scarring and permanent disfigurement of her body, and shock to her nervous system, muscle pain and tenderness, and spasm throughout the body, all of which caused here to suffer anxiety, emotional distress, suffering and functional limitations, which continue to this day and which may continue for an indefinite time into the future.

27.    As a further, direct and proximate result of the aforesaid occurrence, negligence, and resulting injuries, Plaintiff, Julie Spahn, has been caused to suffer a loss of earnings and earning capacity which is or may be permanent in nature.

28.    As a further, direct and proximate result of the aforesaid occurrence, negligence and resulting injuries, Plaintiff, Julie Spahn, has suffered embarrassment, humiliation, emotional distress and loss of the pleasures of life, all of which is or may be permanent in nature.

29.    As a further, direct and proximate result of the aforesaid occurrence, negligence and resulting injuries, Plaintiff, Julie Spahn, has suffered severe and permanent functional

Case ID: 251000887

limitations and has been unable to attend to her usual and customary daily activities, occupations, labors and social duties, to her great detriment and loss.

30.    As a further, direct and proximate result of the said injuries, Plaintiff, Julie Spahn, has been forced to enlist the care and treatment of others, has been forced to undergo various forms of medical care and treatment and has been forced to spend various and diverse sums of money for medicine, care, treatment in and about an effort to treat and cure herself of the aforesaid injuries, and she may continue to be obliged to expend sums of money in an effort to treat and cure herself for an indefinite time into the future, to her great detriment and loss.

**WHEREFORE**, Plaintiff demands judgment against Defendants, British Airways PLC, Inc., and/or British Airways PLE, Corporation and Philadelphia Terminal & Equipment Company, for an amount in excess of Fifty Thousand Dollars ($50,000) together with interests, costs of suit and delay damages.

> Respectfully submitted,
>
> HAMBURG, RUBIN, MULLIN,
> MAXWELL & LUPIN
>
> By: _____
>      NATHAN M. MURAWSKY
>      Attorney for Plaintiff,
>      Julie Spahn

Date: October 8, 2025

11